## NATIONAL LABOR RELATIONS BOARD, Petitioner,

v.

## The PEMBEK OIL CORPORATION, Respondent.

### No. 44, Docket 34722.

United States Court of Appeals,
Second Circuit.

Argued Oct. 13, 1970.

Decided Oct. 14, 1970.

Elliott Moore, Atty., N.L.R.B. (Arnold Ordman, Gen. Counsel, Dominick L. Manoli, Associate Gen. Counsel, Marcel Mallet-Prevost, Asst. Gen. Counsel, and William J. Avrutis, Atty., N.L.R.B., of counsel), for petitioner.

William J. Larkin II, Waterbury, Conn., for respondent.

Before CLARK, Associate Justice,* LUMBARD, Chief Judge, and KAUFMAN, Circuit Judge.

PER CURIAM:

In this petition, the National Labor Relations Board again seeks enforcement of its order of June 14, 1967, requiring respondent Pembek Oil Corp. (Pembek) to bargain with representatives of Local Union 677, International Brotherhood of Teamsters, Chauffeurs, Warehousemen and Helpers of America (Union). We have already sustained the Board's findings that Pembek violated §§

---

* United States Supreme Court, retired, sitting by designation.

8(a) (1), (3), and (5) of the National Labor Relations Act in September 1966 by refusing to bargain with Union representatives, by discharging an employee, one Carl Collins, by bargaining directly with employees and by then refusing to bargain further because the employees were union-affiliated. NLRB v. Pembek Oil Corp., 404 F.2d 105 (2d Cir. 1968). We therefore enforced the traditional Board remedies of cease-and-desist orders and reinstatement. A majority of the panel hearing the case, however, declined to enforce the Board's bargaining order. Because we believed Pembek's unfair labor practices were of a nonflagrant nature and the Union's majority was established by the signatures on authorization cards of eight of the fifteen employees, we considered the bargaining order too harsh.

Following that decision, the Supreme Court gave extensive consideration to the problems associated with bargaining orders based upon authorization card majorities. NLRB v. Gissell Packing Co., 395 U.S. 595, 89 S.Ct. 1918, 23 L.Ed.2d 547 (1969). *Gissell* instructed that a bargaining order should stand "[i]f the Board finds that the possibility of erasing the effects of past practices and of ensuring a fair election * * * by the use of traditional remedies, though present, is slight and that employee sentiment once expressed through cards would, on balance, be better protected by a bargaining order. * * *" 395 U.S. at 614–615, 89 S.Ct. at 1940. Shortly after the filing of *Gissell*, our judgment in this case was remanded by the Court with instructions to further remand it to the Board for reconsideration in light of *Gissell*. Atlas Engine Works, Inc. v. NLRB, 395 U.S. 828, note, 89 S.Ct. 2125, 23 L.Ed.2d 737 (1969).

 The Board has now reconsidered its earlier decision, and concluded that Pembek's unfair labor practices "were of such a nature as to have lingering effects which make the possibility of erasing those effects and ensuring a fair election by the use of traditional remedies slight, if not impossible." Having in mind that we are to give "special respect" to the Board's choice of remedies,[1] we cannot say that there is not a fair basis for its conclusion. Byrne Dairy, Inc. v. NLRB, 431 F.2d 1363 (1970). See NLRB v. Marsellus Vault & Sales, Inc., 431 F.2d 933 (1970).

Petition for enforcement granted.

---

1. "It is for the Board and not for the courts * * * to [determine whether traditional remedies suffice], based on its expert estimate as to the effects on the election process of unfair labor practices of varying intensity. In fashioning its remedies under the broad provisions of § 10 (c) of the Act * * * the Board draws on a fund of knowledge and expertise all its own, and its choice of remedy must therefore be given special respect by reviewing courts." 395 U.S. at 612 n. 32, 89 S.Ct. at 1939.